HART *vs.* THOMAS & Co.

SUIT ON BOND, FROM SUMTER. Actions. Parties. Bonds. Levy and Sale. Charge of Court. Perishable Property. Practice in Supreme Court. (Before C. F. Crisp, Esq., Judge *pro hac vice*.)

Jackson, C. J.—1. Where a forthcoming bond was given by a claimant of property, payable to the sheriff, under §3729 of the code, the plaintiff in execution was interested in such bond to the extent of the value of the property, if it did not exceed the amount of his judgment, and he could bring suit on such bond in his own name. Code, §13.

2. A levy, written on the fi. fa., on personal property in a certain house, describing certain items therein, and then embracing all other goods therein, is sufficiently descriptive of the actual manuel seizure or levy thereof by the officer levying, and a forthcoming bond to produce these goods at the place, and on the day, of sale covers as well the other goods seized in the storehouse, as those specifically described ; and in a suit on the bond, the court did not err in not restricting the evidence to the articles particularly described in the written levy.

3. Where, reading the portion of the charge excepted to with the entire charge, it appears that the court has fully submitted the issue to the jury, and has not excluded the theory of one side, a reversal will not be granted on that ground.

4 Where goods of a perishable nature are levied on, and, after a long litigation over a claim, the claimant having replevied them, it is their value when seized, and not when delivered at the day of sale, postponed many years by the litigation, that should be considered ; and a charge that the delivery of the mere skeleton of them on that late day will not satisfy the bond, is the law ; and the further charge that the

value of the perishable goods so replevied by the claimant should equal what a prudent man in possession of them could have got for them by sale in a reasonable time, is certainly as fair to the claimant as he could reasonably desire.

5. The charge, as a whole, is not all wrong, and if no particular error is specified, the exception cannot be considered.

6. A ground of a motion not certified will not be considered.

Judgment affirmed.

B. B. Hinton, for plaintiff in error.

Guerry & Son, for defendant.